IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC MADISON, #197415, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:04-CV-728-MHT |
| | ) [WO] |
| | ) |
| STEPHEN BULLARD, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Cedric Madison ["Madison"], a state inmate, on July 22, 2004.[1] In this petition, Madison challenges convictions for first degree robbery entered against him pursuant to his guilty pleas by the Circuit Court of Montgomery County, Alabama on January 12, 1998. On February 5, 1998, the trial court imposed concurrent sentences of twenty years imprisonment for these convictions. Madison did not undertake a direct appeal and the aforementioned convictions therefore became final by operation of law on March 19, 1998.

---

[1]. Although the Clerk of this court stamped the habeas petition "filed" on July 30, 2004, Madison certified that he executed the petition on July 22, 2004. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Madison] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers July 22, 2004 as the date of filing.

In accordance with the orders of this court, the respondents filed a supplemental answer in which they argue that Madison's federal habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because the challenged convictions became final after the effective date of the statute of limitations Madison must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending before the state courts. The respondents acknowledge that Madison filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on April 27, 2004.[3] However, the respondents argue that this state petition failed to toll the one-year federal period of limitation because Madison filed the petition after expiration of the limitation period and the petition was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' October 5, 2004 Supplemental*

---

[2]. Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

[3]. The Rule 32 petition establishes that Madison submitted the petition to prison officials for mailing on April 27, 2004. *Respondents' Exhibit A* at 12 - *Rule 32 Petition* at 7. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston v. Lack, supra*. "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and April 27, 2004 is therefore the appropriate date of filing for Madison's Rule 32 petition.

*Answer - Court Doc. No. 24* at 4; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). The respondents therefore maintain that the present federal petition for habeas corpus relief is time barred.

In light of the foregoing, the court entered an order advising Madison that he had failed to file his § 2254 petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1) and providing him an opportunity to show cause why his federal habeas petition should not be barred from review by this court as untimely. *Order of October 12, 2004 - Court Doc. No. 25.* In response to this order, Madison argues that this court should ignore the untimeliness of his petition because he is entitled to relief on the merits of his claims and asserts that the claims presented to this court are jurisdictional in nature therefore justifying waiver of the one-year period of limitation. *Petitioner's October 29, 2004 Response to the Show Cause Order* at 1-3.[4] Madison also complains that trial counsel provided ineffective assistance in not presenting his claims during the state court proceedings. *Id*. at 3. Additionally, throughout the pleadings filed in this case, Madison maintains that his actions did not constitute first degree robbery as he "was accompanied by an accomplice" during the robberies; therefore, "the crime actually

---

[4] 4. Alabama law allows the presentation of a jurisdictional claim in a state collateral attack at any time. However, state law is neither relevant nor dispositive in this matter. Moreover, this court conducted an exhaustive search and failed to locate any federal authority which supports Madison's argument.

committed was robbery 2nd [degree]." *Petition for Writ of Habeas Corpus Relief* at 7.[5] These arguments do not entitle Madison to relief from application of the one-year period of limitation. Consequently, Madison failed to file the instant § 2254 petition for writ of habeas corpus relief within the requisite limitation period.

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that no evidentiary hearing is required and that Madison's habeas petition is due to be denied as untimely in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  Actual Innocence

This court must determine whether Madison has made a showing of actual innocence before addressing the respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal

---

[5]. As this case is pending on the respondents' limitation defense and in the interest of justice, the court construes this assertion as a claim of actual innocence.

insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Madison presents only his self-serving, conclusory allegation that his actions did not constitute commission of the offenses to which he pled guilty.  Madison has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  The court therefore concludes that the petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

### B.  The Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United*

*States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

In accordance with the terms of a negotiated plea agreement, Madison entered guilty pleas to charges of first degree robbery before the Circuit Court of Montgomery County, Alabama on January 12, 1998. The trial court imposed concurrent twenty-year sentences upon Madison on February 5, 1998. Madison did not file a direct appeal of these convictions. Since Madison chose to forego the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Madison's robbery convictions became final on March 19, 1998 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review of his convictions expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A) therefore began to run on this date.

**1. Waiver of Limitation Period for Jurisdictional Claims**. Madison argues that his claims challenge the jurisdiction of the trial court and are therefore not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither

7

the habeas statute nor federal case law makes an exception for alleged jurisdictional issues arising under state law. Thus, this assertion is without merit. Moreover, the court notes that no government impediment existed to the presentation of Madison's claims nor are his claims based on a newly recognized constitutional right. The record likewise establishes that the factual predicates of the claims were available to Madison at the time he entered his guilty pleas. Madison's allegations challenging the trial court's jurisdiction therefore fail to meet the exceptions for determining finality of judgment as set forth in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

**2. Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Madison filed a Rule 32 petition, this petition was not pending during the running of the limitation period as Madison filed the petition after expiration of the limitation period.[6] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert.*

---

[6]. Madison filed his Rule 32 petition in the state court on April 27, 2004 - over five (5) years after § 2244(d)'s one-year period of limitation expired.

*denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Consequently, the state post-conviction petition filed by Madison in April of 2004 did not affect the running of the limitation period applicable to this federal habeas petition. *Webster*, 199 F.3d at 1259.   **3. Equitable Tolling of the Limitation Period**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001).

To the extent Madison alleges ineffective assistance of trial counsel as a basis for equitable tolling of the federal limitation period, he is entitled to no relief because the actions of counsel during proceedings before the trial court fail to establish any impediment to the filing of a timely habeas petition by Madison in this court. *See Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir.), *cert. denied*, 534 U.S. 944, 122 S.Ct. 323 (2001). The record in this case indicates that Madison participated in the state court proceedings, including the guilty plea colloquy, from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his convictions and could have presented such claims to this court in a timely filed § 2254 petition regardless of any actions undertaken by trial counsel. Additionally, an exhaustive review of the pleadings and documents filed by Madison fails to reveal any circumstances which warrant equitable tolling of the limitation period. Consequently, Madison's petition is properly subjected to the one-year period of limitation mandated by federal law.

    **4. Expiration of the Limitation Period**. Madison filed the instant federal habeas petition on July 22, 2004. Under the facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) began to run on March 19, 1998 and ran uninterrupted until it expired on March 19, 1999. The limitation period therefore elapsed several years prior to Madison filing this federal action. Madison has failed to show cause why his petition should not be dismissed as untimely filed.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Cedric Madison be denied as Madison failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before May 18, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667

F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 5th day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE